Filed 6/2/22  In re Watson CA2/5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re LADRAE WATSON<br><br>on<br><br>Habeas Corpus. | B303328<br><br>(Los Angeles County Super. Ct. No. MA068412) |

ORIGINAL PROCEEDINGS in habeas corpus.  Superior Court of Los Angeles County, Shannon Knight, Judge.  Petition denied.

Richard B. Lennon, under appointment by the Court of Appeal, for Petitioner.

Xavier Becerra, Attorney General, Phillip J. Lindsay, Senior Assistant Attorney General, Julie A. Malone, Supervising Deputy Attorney General, and Krista L. Pollard, Deputy Attorney General, for Respondent.

We previously granted Ladrae Watson's (petitioner's) habeas corpus petition seeking early parole consideration under a provision added to our state constitution by the Public Safety and Rehabilitation Act of 2016 (Proposition 57). The cause is now again before us after our Supreme Court directed us to reconsider the matter in light of its opinion in *In re Mohammad* (2022) 12 Cal.5th 518 (*Mohammad*), which reversed this court's grant of habeas corpus relief under similar circumstances.

## I. BACKGROUND

Petitioner pled no contest in 2017 to charges of assault with a firearm (Pen. Code, § 245, subd. (a)(2)), willful infliction of corporal injury after sustaining a prior conviction (Pen. Code, § 273.5, subd. (f)(1)), and dissuading a witness (Pen. Code, § 136.1, subd. (b)(1)). He also admitted, for purposes of an alleged sentencing enhancement, that he personally used a firearm in the commission of the assault (Pen. Code, § 12022.4, subd. (a)). The trial court sentenced petitioner to eight years in prison, calculated as two years for the assault conviction, four years for the firearm enhancement, 16 months for the domestic violence conviction, and eight months for the dissuading a witness conviction.

Petitioner subsequently sought habeas corpus relief in the superior court. He argued article I, section 32 of California's Constitution, enacted by voters as part of Proposition 57, made him eligible for early parole consideration. The specific constitutional provision at issue states: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of

2

his or her primary offense." (Cal. Const., art. I, § 32, subd. (a)(1) (hereafter Section 32(a)(1)).)

The trial court denied petitioner's habeas corpus petition. The court reasoned petitioner was ineligible for early parole consideration because he "pled no contest to assault with a firearm and admitted a special allegation of personal use of a firearm, making the offense a violent felony."

Petitioner then filed a petition for habeas corpus in this court seeking the same relief he sought in the trial court. In an opinion filed in September 2020, we concluded petitioner was eligible for early parole consideration under the plain language of Section 32(a)(1), as we held in *In re Mohammad* (2019) 42 Cal.App.5th 719—a case that was then pending in the Supreme Court on grant of review. The Supreme Court later granted the People's petition to review our decision in this case and held the matter pending its disposition of *Mohammad*.

In its subsequently issued *Mohammad* opinion, our Supreme Court found ambiguity in Section 32(a)(1). (*Mohammad, supra*, 12 Cal.5th at 532-533 [partly resting its conclusion that the constitutional language is ambiguous on divergent results that had been reached by different Courts of Appeal].) Because of the perceived textual ambiguity, the Supreme Court held the authority conferred on the Department of Corrections and Rehabilitation (CDCR) to adopt regulations in furtherance of the constitutional provisions (Cal. Const., art. I, § 32, subd. (b)) provided a sufficient basis to uphold the validity of CDCR's regulation excluding from early parole consideration inmates who are "currently serving a term of incarceration for a violent felony." (*Mohammad, supra*, 12 Cal.5th at 537; see also *id.* at 541 ["This conclusion, however, is not a determination that

the [CDCR's] regulation is the most plausible of the various interpretations offered. Because the [CDCR] is vested with the authority to adopt regulations in this context, we need only conclude that its regulation is a valid exercise of its rulemaking authority"].) In a separate concurrence, Justice Liu (joined by Justice Kruger) noted there were a number of questions lurking beneath the surface concerning what it means for an inmate with both violent and nonviolent felony convictions to be, in the words of the operative regulations at the time, "'currently serving a term of incarceration for a 'violent felony.'"" (*Id.* at 542 (conc. opn. of Liu, J.).)

Shortly after the *Mohammad* opinion issued, CDCR promulgated amendments to the operative regulatory provision at issue in *Mohammad* so it now excludes from early parole consideration an inmate who is "currently convicted of and is sentenced to a term of incarceration for a 'violent felony,' including a term for which a violent felony sentence was stayed under Penal Code section 654."[1] (Cal. Code Regs., tit. 15, § 3490, subd. (a)(5).) And shortly after promulgation of these regulatory amendments, our Supreme Court transferred this case back to us with directions to vacate our prior opinion and reconsider the cause in light of *Mohammad*.

No supplemental briefs on remand were filed by the parties. (See generally Cal. Rules of Court, rules 8.200(b), 8.360(a).)

---

[1] The amendment replaces "currently *serving* a term of incarceration" (emphasis ours) with "currently convicted of and is sentenced to a term of incarceration."

4

## II.  DISCUSSION

Our Supreme Court's directions and the *Mohammad* opinion dictate the result here.  The parties agree two of petitioner's 2017 convictions, the dissuading a witness and willful infliction of corporal injury offenses, are nonviolent offenses while the third, assault with a firearm, is a violent felony.  (Cal. Code Regs., tit. 15, § 3490, subd. (c) [for purposes of Proposition 57, a "'[v]iolent felony' is a crime or enhancement as defined in subdivision (c) of Section 667.5 of the Penal Code"]; see also Pen. Code, § 667.5, subd. (c).)  It is also undisputed that petitioner is ineligible for early parole consideration under the operative CDCR regulations.  (Cal. Code Regs., tit. 15, §§ 3490, subd. (a)(5), 3491, subd. (a).)  Because *Mohammad* holds CDCR has significant latitude to promulgate such regulations, petitioner has been validly excluded from early parole consideration.

## DISPOSITION

The petition for writ of habeas corpus is denied.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.


We concur:


RUBIN, P. J.                           KIM, J.


5